UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. _____

SIMONE MIGHTY,
    Plaintiff,

v.

GENESIS ELDERCARE REHABILITATION
SERVICES, INC., a foreign profit corporation,

    Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant GENESIS ELDER GENESIS ELDERCARE REHABILITATION SERVICES, INC.[1] ("Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes this action from the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, to the United States District Court for the Southern District of Florida. The removal of this action is based upon the following:

**I.     INTRODUCTION**

On or about February 26, 2018, Plaintiff SIMONE MIGHTY ("Plaintiff") filed a civil action in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, entitled *Simone Mighty v. Genesis Eldercare Rehabilitation Services, Inc.,* Case No. 50-2018-CA-002373 (hereinafter referred to as the "State Court Action"). Plaintiff's Complaint asserts

---

[1] Genesis ElderCare Rehabilitation Services, LLC is the successor by merger with Genesis ElderCare Rehabilitation Services, Inc. and should be the defendant in the immediate action brought by Plaintiff Simone Mighty.

two causes of action against Defendant: (1) alleged retaliation in violation of the Florida Civil Rights Act ("FCRA") (Count I); and (2) alleged negligent supervisions and retention (Count II). A true and correct copy of all process, pleadings, orders and other papers or exhibits of every kind currently on file in the State Court Action are attached hereto as **Composite Exhibit A**, as required by 28 U.S.C. § 1446(a).

This case is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a), and it is one that may be removed to this Court pursuant to 28 U.S.C. §§1441 and 1446. More specifically, this is an action between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Accordingly, Defendant removes this action to this Court.

## II.  COMPLIANCE WITH PROCEDURAL REQUIREMENTS

Defendant was served with the Complaint and Summons on March 8, 2018. A copy of the Summons reflecting service of process is attached as **Exhibit B**. This constituted Defendant's first notice of the Complaint for purposes of removal. Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b), within 30 days from the date Defendant received notice of the Complaint.

In accordance with 28 U.S.C. § 1446(d), Defendant will promptly provide written notice to Plaintiff of the removal in this action and will promptly file a copy of this Notice of Removal in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida. Defendant, who is represented by undersigned counsel, consents to this Notice of Removal.

## III.  VENUE AND JURISDICTION

A.  **Venue**

Pursuant to 28 U.S.C. § 1446(a), because the Circuit Court of Palm Beach County lies in the West Palm Beach Division of the U.S. Southern District of Florida, this Court is the appropriate venue for removal.

B.  **Jurisdiction**

1.  **Complete Diversity of Citizenship Exists.**

In order to qualify for diversity jurisdiction, there must be complete diversity between the parties, which means that no plaintiff may be a citizen of the same state as any defendant. *See Pease v. Medtronic, Inc.*, 6 F. Supp.2d 1354, 1356 (S.D. Fla. 1998) (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996)(*overruled on other grounds* by *Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000)). Diversity of citizenship exists in the instant action.

In her Complaint, Plaintiff states that she is a resident of Palm Beach County, Florida and that she was employed by Defendant in Palm Beach County, Florida. Compl. ¶6. Accordingly, Plaintiff is a resident of Florida for the purposes of diversity jurisdiction.

Pursuant to 28 U.S.C. §1332(c)(1), a corporation is deemed to be a citizen of any State by which it has been incorporated and of any State where it has its principal place of business. In her Complaint, Plaintiff states that Defendant's principal place of business was in Pennsylvania. Compl. ¶4. The Complaint fails to plead any information about Defendant's state of incorporation. Instead, Plaintiff only alleges that Defendant "operates facilities in West Palm Beach, Florida." *Id.* Defendant is incorporated in Pennsylvania and has its principal place of business in Pennsylvania. *See* Declaration of Valerie L. Goode at ¶3, attached as **Exhibit C**. Accordingly, Defendant is a citizen of Pennsylvania for the purposes of diversity jurisdiction.

### 2. The Amount in Controversy Exceeds $75,000.

Pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction requires that the amount in controversy "exceed the sum or value of $75,000.00." The amount in controversy in the instant action exceeds $75,000.00.

Plaintiff states in her Complaint that the damages she seeks to recover from Defendant include general and compensatory damages, back pay, prejudgment interest and reasonable attorney's fees. *See ad damnum* clauses following ¶¶36 and 44 of Pl.'s Complaint. Plaintiff does not say anything in her Complaint about the amount of damages that she seeks to recover in the instant action. Where, as here, removal is based on diversity of citizenship, and the initial pleading does not demand a specific sum, "the notice of removal may assert the amount in controversy." 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554, 2014 U.S. LEXIS 8435, at *14 (Dec. 15, 2014) ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

As a general rule, the amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of her case as it stands at the time of removal. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). Plaintiff's allegations reflect that the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs. Plaintiff alleges that she was subjected to retaliation that ultimately culminated in the termination of her employment on May 3, 2017. Pl.'s Compl. ¶¶8 and 30. Although Plaintiff alleges that she is entitled to recover damages for lost wages, her Complaint is silent regarding her pay rate and earnings during her employment with Defendant. At the time of her discharge, Plaintiff was a Physical Therapist Assistant being paid at the rate of

$26.00 per hour. *See* Goode Declaration, ¶6. Plaintiff worked a regular workweek during a total of 68 weeks of her employment with Defendant.[2] *See id.*, ¶¶7-8. During those workweeks, Plaintiff worked an average of approximately 24.05 hours per week. *See id.*, ¶8. Thus, she earned an average of approximately $625.30 per week.[3] *See id.*

As indicated above, Plaintiff seeks to recover back pay in the instant action. In calculating potential lost wages for jurisdictional purposes, it is proper to calculate the figure through the trial date. *See Messina v. Chanel, Inc.*, 2011 U.S. Dist. LEXIS 71138 (S.D. Fla. Jul. 1, 2011) (appropriate to calculate lost wages from time of termination through trial date in examining the jurisdictional minimum); *see also Cashman v. Host Int'l, Inc.,* U.S. Dist. LEXIS 123164, *4 (M.D. Fla. Nov. 9, 2010) (noting that "[c]onsideration of the additional back pay amount from the date of removal to the date of trial, based on a conservative estimate of the trial date, is not impermissible speculation").

A reasonable estimate of a trial date would be approximately one year from the date of removal. Thus, from May 3, 2017 (the date Plaintiff's employment ended) through an estimated trial date of April 6, 2019 (one year from the date of removal), Plaintiff has potential unmitigated back pay of approximately $62,530.00, without any accounting for potential front pay, non-monetary fringe benefits, compensatory damages, punitive damages, or attorneys' fees.[4]

---

[2] Plaintiff took a large number of weeks off during her employment, in whole or in part. *See id.*, ¶7. She did not work between February 14, 2015 and October 13, 2015 (34 workweeks), she took time off between May 12, 2016 and June 1, 2016 (2 workweeks) and between October 8, 2016 and December 5, 2016 (8 workweeks). *See id.* She also worked a partial workweek during three workweeks because she took two or more days off. *See id.* Additionally, her last regular workweek at Genesis was the week ending April 22, 2017 (she only worked one more shift after that). *See id*.

[3] $26 per hour x 24.05 hours per week = $625.30.

[4] $625.30 per week x 100 weeks = $62,530.00.

In addition to her back pay damages, Plaintiff is also entitled to recover "front pay" damages if she prevails on her claims. Front pay is a form of equitable relief that the Court may award in lieu of reinstatement. *See Pollard v. E.I. DuPont de Nemours & Co*, 532 U.S. 843, 846 (2001). For purposes of determining the amount in controversy, the value of equitable relief "is the monetary value of the object of the litigation that would flow to the plaintiff[] if the [requested relief] were granted." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 973 (11th Cir. 2002). Thus, entitlement to front pay damages is properly considered in assessing the amount in controversy. *See Brown v. Cunningham Lindsey U.S., Inc.*, 2005 U.S. Dist. LEXIS 38862, * 15 (M.D. Fla. 2005) (crediting one year of back pay *plus* one year of front pay, as a conservative measure of potential lost wages in a wrongful termination case). An award of one or more years of front pay is not uncommon in employment discrimination cases. *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1349 (11th Cir. 2000) (affirming award of one year of front pay). Based on Plaintiff's final rate of pay and average weekly earnings, one year of front pay is the equivalent of $32,515.60.[5] Thus, in wages alone, Plaintiff's claims exceed the minimum amount in controversy.

The FCRA authorizes courts to award compensatory damages, punitive damages, and attorneys' fees. Fla. Stat., §760.11(5). As noted above, Plaintiff is seeking to recover compensatory damages for emotional distress. Plaintiff's compensatory damages may include a variety of intangible, non-economic losses that potentially exceed the jurisdictional minimum. *See generally Bartley v. Starwood Hotel & Resorts Worldwide, Inc.,* No. 07-80637-CIV, 2007 WL 2774250 (S.D. Fla. Sept. 24, 2007) (finding that general allegations of pain, mental anguish,

---

[5] $625.30 per week x 52 weeks = $32,515.60.

6

scarring, disfigurement, and loss of enjoyment of life were sufficient to put defendant on notice that jurisdictional minimum was satisfied), Even "garden-variety" compensatory damages in employment termination cases may significantly increase the amount in controversy. *See e.g., Munoz*, 223 F.3d at 1349 (affirming award of $150,000 damages for emotional distress on Florida Civil Rights Act claim). As noted above, if Plaintiff were to prevail at trial, the FCRA authorizes her to seek the recovery of punitive damages (capped at a maximum of $100,000). *See* Fla. Stat. §760.11(5).

Plaintiff also seeks to recover her attorney's fees. Attorneys' fees are included in the amount-in-controversy calculation if a statute mandates or permits recovery of attorneys' fees. *Morrison v. Allstate Ins. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000), *Cowan v. Genesco, Inc.*, No. 3:14-cv-261-J-34JRK, 2014 WL 3417656, 2014 U.S. Dist. LEXIS 95412 (M.D. Fla. July 14, 2014). If Plaintiff were to prevail at trial, her claim for attorney's fees alone more likely than not will exceed $75,000. *See Cowan v. Genesco, Inc.*, 2014 U.S. Dist. LEXIS 95412 at *15.

Considering the *cumulative* value of Plaintiff's potential claims for back pay, front pay, compensatory damages, punitive damages and attorney's fees, Plaintiff's claims, though vigorously contested by Defendant, will more likely than not involve an amount in controversy that exceeds the sum of $75,000, exclusive of interest and costs.

WHEREFORE, having fulfilled all statutory requirements, Defendant removes this action from the Circuit Court in and for Palm Beach County, Florida, to this Court, and requests that this Court assume full jurisdiction over this matter as provided by law.

DATED this 6th day of April, 2018.                    Respectfully Submitted,

                                                        **LITTLER MENDELSON, P.C.**
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, Florida 33131
Telephone: (305) 400-7500
Facsimile:  (305) 603-2552

*/s/ Alexandra Blanco*
Aaron Reed, Esq.
Florida Bar No. 557153
E-Mail:  areed@littler.com
Secondary:  btapia@littler.com
Alexandra Blanco, Esq.
Florida Bar No. 106874
E-Mail:  alblanco@littler.com
Secondary:  kljackson@littler.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 6th day of April, 2018, a true and correct copy of the foregoing document was filed with the Clerk of Court by using the CM/ECF Portal and served this day on all counsel of record identified on the attached Service List, either via transmission of Notices of Electronic filing generated by the CM/ECF Portal or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                        */s/ Alexandra Blanco*
                                                        Alexandra Blanco, Esq.

## SERVICE LIST

| *ATTORNEYS FOR PLAINTIFF* | *ATTORNEYS FOR DEFENDANT* |
|---|---|
| Cathleen Scott, Esq.<br>Florida Bar No. 135331<br>E-mail:  cscott@scottwagnerlaw.com<br>Secondary:  mail@scottwagnerlaw.com<br>Allison B. Duffie, Esq.<br>Florida Bar No.  649902<br>E-mail:  aduffie@scottwagnerlaw.com<br>SCOTT WAGNER & ASSOCIATES, P.A.<br>Jupiter Gardens<br>250 South Central Boulevard, Suite 104-A<br>Jupiter, FL 33458<br>Telephone:  (561) 653-0008<br>Facsimile:   (561) 653-0020 | Aaron Reed, Esq.<br>Florida Bar No. 557153<br>E-Mail:  areed@littler.com<br>Secondary:  btapia@littler.com<br>Alexandra Blanco, Esq.<br>Florida Bar No. 106874<br>E-Mail:  alblanco@littler.com<br>Secondary:   kljackson@littler.com<br>LITTLER MENDELSON, P.C.<br>Wells Fargo Center<br>333 SE 2nd Avenue, Suite 2700<br>Miami, FL  33131<br>Telephone:  (305) 400-7500<br>Facsimile:  (305) 603-2552 |

Firmwide:153799446.7 050738.1286